## CRANGLE *v.* The Borough of HARRISBURG.

Under the 4th section of the act of 26th of March, 1839, entitled "An act to supply the borough of Harrisburg with water," which authorizes the President and Town Council of the borough to purchase any lands which may be required in the construction of their water-works; and the 5th section of the same act, which directs the manner of proceeding, when the parties cannot agree upon the compensation to be made to the owner or owners of such land, the duty of the viewers is performed after they have ascertained the quantity and value of the lands taken, and filed their report.

The corporation of the borough of Harrisburg acquires the title to the land, taken for the construction of their water-works and valued by viewers, upon the payment of the money for which it was valued; and have nothing to do with the application of the same.

In such case, when the life-estate is vested in the widow, and the remainder in fee in the son, and a dispute arises between the parties claiming the valuation money, the borough may pay the money into court, and the court may, if they think it necessary, award it to the widow, upon her giving security for the forthcoming of the principal, upon her marriage or death.

ON a writ of error to the Court of Common Pleas of Dauphin county, it appeared, that by virtue of certain proceedings under the 5th section of the act, entitled "An act to supply the borough of Harrisburg with water," a judgment for $1150 was entered to August term, 1843, No. 404, upon the records of said court, in favour of Robert I. Fleming, guardian of Henry Crangle, a minor son and devisee of Henry Crangle, deceased, the plaintiff in error, against the chief burgess, assistant burgess, and town council of the borough of Harrisburg. This judgment was entered upon a report of viewers, who were appointed under the section of the act already referred to, to view the lands and premises which belonged to the estate of Henry Crangle, deceased, taken by the borough of Harrisburg for the construction of their water-works, and to value the same, or to assess the damages. On this judgment a fi. fa. was issued to January term, 1844, No. 39, which was set aside and proceedings stayed, upon the application of the counsel of the defendant to that effect. On the 18th of February, 1845, the court granted a rule to show cause why judgment should not be entered on the report of the viewers in this case for the sum of $1150, without interest and with stay of execution, until the marriage or death of Elizabeth Crangle, the widow of Henry Crangle, deceased. On the 3d of April, 1845, this rule, after argument, was made absolute, and the opinion of the court filed.

The material facts and proceedings in this case are fully stated in this opinion; and the reporter considers himself justified in publishing it entire, in consequence of the imperfect and contradictory state of the paper book.

Opinion of the court, (Eldred, President,) on the argument of the rule to show cause, &c.

"It appears from all the papers filed in this case, that the borough of Harrisburg appropriated two acres, twenty-eight perches and thirty-five hundredths, of land, in the erection of their water-works, which belonged to the estate of Henry Crangle, deceased, who by his will devised the same to his wife Elizabeth, during her life or widowhood, and, at her death or marriage, the land was to pass to his son, Henry Crangle, then and now a minor. To make compensation for the land taken for the above purpose, the borough of Harrisburg petitioned the court to have the damages of the widow of Henry Crangle ascertained, under the fifth section of the act of Assembly to supply the borough of Harrisburg with water, passed March 26, 1839. Viewers are appointed for that purpose, who, on the 18th of August, 1843, valued the widow's interest at 'sixty-nine dollars per year, which sum was to be paid her each and every year during her widowhood or natural life, as a full compensation for her damages.'

"At the same court, to wit, at April term, 1843, the corporation petitioned for viewers to assess the value of the land, and damages done, by taking it for the water-works, to Henry Crangle, the younger, who, as above stated, by the will of his father, was entitled to the same after the death or marriage of his mother. Upon this petition, the same viewers were appointed, as in the case of his mother, Elizabeth, who at the same time made a report of their valuation and appraisement of the two acres, twenty-eight perches and thirty-five hundredths, at $1150. Both of these reports have been confirmed by the court. On behalf of the corporation, the court is asked to enter judgment on the report made for Henry Crangle, for $1150, without interest, and with stay of execution, until the marriage or death of his mother, Elizabeth Crangle. On the part of Henry Crangle, no objections are made to the entry of the judgment, but it is contended that by the report of the viewers in his case, they are entitled to have execution immediately after judgment is entered upon the report; and such would seem to be the result, if we are to regard the letter of the act of Assembly authorizing the corporation to erect these water-works. The act says, that upon the report of viewers 'judgment shall be entered and execution issued as in other cases.' Nothing is said in the report of the viewers in Henry Crangle's case, that the sum of $1150 was to be paid to him at the death of his mother, Elizabeth, or at her marriage; but they fix on the sum of $1150, as the value of the land, without saying when it is to be paid. Yet the petitions and orders of the court would seem to contemplate such a report; and,

M

what we learn from the viewers on the subject, it is very clear that such a report was intended. It is really to be regretted that more attention was not given to drawing up the report of the viewers in this case. If the viewers had said in their report that this $1150 was to be paid by the corporation at the death or marriage of Henry Crangle's mother, who, by the other report in her case, is to receive the interest of that sum annually during her life or widowhood, ample justice would have been done to all interested, and it would have been consistent with the whole proceedings. As it is, the court are called upon to use extraordinary and doubtful powers, to prevent injustice by refusing execution in this case, until that event happens. We believe that a case like the present is fully within the spirit and meaning of the act of Assembly, and although we regret the inattention to the form of the report of the viewers, we have no doubt of their meaning on the subject. We therefore enter judgment on the report of viewers, for $1150, without interest, and with a stay of execution until the marriage or death of Elizabeth Crangle, the mother of the said Henry Crangle."

In this court, the following errors, to the proceedings and to the opinion of the court below, were assigned:

1. The court erred in entering the judgment for $1150, entered on the 26th of August, 1843, and directing on the 3d of April, 1845, that a new judgment be entered on the report of viewers for $1150, without interest, and with stay of execution, until the marriage or death of Elizabeth Crangle the mother of Henry Crangle, and likewise in setting aside the execution.

2. The judgment is void, inasmuch as the 5th section of the act of the 26th of March, 1839, entitled "An act to supply the borough of Harrisburg with water," is unconstitutional. A majority of the judges of the Court of Common Pleas of Dauphin county being residents and large tax payers and property owners in the borough of Harrisburg, three viewers appointed by them are not a constitutional tribunal to determine the value of land taken by said borough, when parties cannot agree.

3. The judgment is erroneous for want of compliance with the 4th section of the 7th article of the Constitution. No adequate security being given for the value of the property taken. The tender of a bond to the guardian, which he refused to accept, is not a compliance with the Constitution. The bond or security ought to be either filed with the record of the proceedings, or placed in some safe depository, where the ward might have access to it when he came of age.

*Ott* and *McClure*, for plaintiffs in error.
*McCormick* and *Ayres*, for defendants in error.

The opinion of the court was delivered by SERGEANT, J.

It is very clear that the proceedings in regard to this estate have been irregular. All that the viewers have to do is to value the lands taken. Having ascertained the lands, late the estate of Henry Crangle, to be in quantity two acres, twenty-eight perches and thirty-five hundredths of a perch, and valued them at the sum of $1150, their duty was performed, on their report being filed in court. What parties were entitled to receive the money, was a question of subsequent consideration. By reference to the will, it is ascertained, that the widow was entitled to a life-estate in the land, and that the remainder in fee vested in the son: so that they together held the whole estate; and as the son is now of age, might, by their concurrent act, do as they pleased with the money into which the land is converted. With this the borough has no concern. They are not bound to see to the application of the money: they acquire the title in fee of the land on payment of the money. If there is a doubt or dispute among the parties claiming the money, that must be settled amongst themselves, and, in the meanwhile, the borough may pay the money into court. The court may then, if necessary, award it to the widow, as tenant of the life-estate, upon her giving security for the forthcoming of the principal on her marriage or death; or award it otherwise by agreement, or have it invested, for which purpose, a trustee may be appointed. But by the course taken by the court below, both the claimants are prevented from receiving the principal money, till after the marriage or death of the widow: which we think ought not to be. And on the other hand, it would be extremely unjust, that the son should recover the principal, and, at the same time, the widow continue to receive the interest on it from the borough.

> The record is remitted, with directions that the borough be decreed to pay into court the sum of $1150, with interest thereon, from the time of the report, so far as the same, or an equal amount, has not been paid to the widow, and that the widow release her claim under the report in her favour of $69 per annum; whereupon, the money thus paid in, to be disposed of by order of court, according to circumstances; and so much of the proceedings of the court below, as is inconsistent herewith, is reversed, and the rest affirmed.